## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**MICHAEL LANDEWEER,** individually and on behalf of all others similarly situated, **RYAN LANDEWEER**, individually and on behalf of all others similarly situated,

        *Plaintiffs*,

*v.*

**FLORIDA HOMES REALTY & MORTGAGE LLC**, a Florida company,

        *Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## <u>CLASS ACTION COMPLAINT</u>

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Florida Telephone Solicitation Act ("FTSA"). Plaintiff Michael Landeweer ("Plaintiff Michael Landeweer" or "Michael Landeweer") and Plaintiff Ryan Landeweer ("Plaintiff Ryan Landeweer" or "Ryan Landeweer") bring this Class Action Complaint and Demand for Jury Trial against Defendant Florida Homes Realty & Mortgage LLC ("Defendant" or "Florida Homes Realty & Mortgage") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls and text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). The Plaintiffs also seek injunctive and monetary relief for all persons injured by

Defendant's conduct. Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.      Plaintiff Michael Landeweer is a resident of St Augustine, Florida.

2.      Plaintiff Ryan Landeweer is a resident of Tallahassee, Florida.

3.      Defendant Florida Homes Realty & Mortgage is a Florida company headquartered in Jacksonville, Florida. Defendant Florida Homes Realty & Mortgage conducts business throughout this District and Florida.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court has supplemental jurisdiction over the state law claims because they arise from the same calling campaign as the TCPA claim.

5.      This Court has personal jurisdiction over the Defendant because the Defendant conducts business in this District and made calls from this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the calls at issue were organized and made from this District.

2

## INTRODUCTION

7.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8.     According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in June 2024 alone, at a rate of 137.6 million per day. www.robocallindex.com (last visited July 11, 2024).

9.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

10.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

11.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

12.     Defendant Florida Homes Realty & Mortgage operates a full-service real estate company that services consumers in buying/selling properties.

13.     Defendant Florida Homes Realty & Mortgage is directly involved in the training of its real estate agents.

## FLORIDA HOMES REALTY & MORTGAGE TRAINS AND DIRECTS ITS REAL ESTATE AGENTS TO ENGAGE IN COLD CALLING TO GENERATE BUSINESS

14.     Florida Homes Realty & Mortgage provides training classes specifically regarding lead generation:



15.     Florida Homes Realty & Mortgage provides training specifically regarding how to get listings from For Sale By Owner ("FSBO") consumers and consumers with expired property listings:

---

[3] https://www.joinfhrm.com/training



16.     In addition to the above, Florida Homes Realty & Mortgage also provides sales scripts to its real estate agents to generate business.



17.     The problem with this training is that real estate agents do not have consent to place solicitation calls to consumers with expired property listings, especially if those consumers registered their phone numbers on the DNC.

18.     To make matters worse, consumers with expired property listings have not provided consent in Florida to receive calls that are placed using an autodialer.

19.     However, Florida Homes Realty & Mortgage directs its real estate agents to place cold calls to consumer phone numbers.

20.     In a video on Defendant's Youtube channel called "Mindset tips to have a successful real estate business," the narrator of the video states: "You know what you need to do. But you're not doing enough of it. You haven't done enough *cold calls*."[4]

21.     On Defendant's linkedin profile, it posted a graphic of a man using a cell phone with text encouraging real estate agents to continue prospecting for new customers:



22.     Bernard Diggs is a mentor and trainer/coach for Defendant Florida Homes Realty & Mortgage.[6]

---

[4] https://www.youtube.com/watch?v=FtVpRDpHcws
[5] https://www.linkedin.com/posts/florida-homes-realty-and-mortgage_topproducer-success-realestatewisdom-activity-6714579148490248192-YUyY/
[6] http://www.locatehomesflorida.com/jacksonville-realtor/Bernard-Diggs.htm

23.     Florida Homes Realty & Mortgage posted a training video on its YouTube channel featured a training class from Diggs "Get The Listings NOW![7]"

24.     In this video, a real estate agent states, "I'm a brand new agent. ***Everybody has fears of cold calling***. It's not easy to pick up the phone, call a stranger and start selling over the phone. ***This is getting you over that fear. It's teaching you what to say, how to go about it***, and especially having the great master Bernard teaching us what to do is basically helping us overcome that."[8] (emphasis added)

25.     Another agent in the same video states, "This is my first Bernard Diggs coaching class and I'm telling you, ***he got me digging, dipping deep inside me to meet those fears of calling, cold calling and now I'm pretty confident. I'm going to be able to do it. So I'm going to do what he says***."[9]

26.     Diggs' lead generation workshops provide training wherein the coaches themselves place cold calls to generate real estate business:

---

[7] https://www.youtube.com/watch?v=BdtnG4SvDMY
[8] Id. – 1 minute, 25 seconds
[9] Id. – 2 minutes, 16 seconds

**New Diggs**
October 26, 2023 · 🌐 · ⋯

Love Helping our clients!! Thank you for your continuing support!!
#realtorsuccessnow #successmindset





27.     Based on the above, Florida Homes Realty & Mortgage is aware of and ratifies cold calling as a prospecting activity that its real estate agents employ to generate business.

28.     In addition, Florida Homes Realty & Mortgage directs and trains its real estate agents to place cold calls to generate business.

29.     Florida Homes Realty & Mortgage benefits financially from the cold calls that its real estate agents place when those calls result in properties that are purchased and/or sold.

---

[11] https://www.facebook.com/profile/100063605859865/search/?q=cold

30.     Florida Homes Realty & Mortgage takes a percentage of property sales that its real estate agents generate. It also charges the real estate agent a broker transaction fee of $189 per property sale.[12]

31.     Unfortunately, a portion of the cold calls that Florida Homes Realty & Mortgage agents place are to consumers who registered their phone numbers on the DNC, such as the Plaintiffs.

## FLORIDA HOMES REALTY & MORTGAGE PROVIDES A DIALER SYSTEM TO ALL OF ITS REAL ESTATE AGENTS

32.     Defendant Florida Homes Realty & Mortgage provides KVCore, a Customer Relationship Management ("CRM") system to its real estate agents:



---

[12] https://www.joinfhrm.com/commission
[13] https://www.joinfhrm.com/

33.     KVCore is known for its automated marketing features, which includes the use of an autodialer.[14]

34.     The KVCore dialer functions as a mobile app that will automatically dial phone numbers in a real estate agents contact list, without the need for human intervention.[15]

35.     The KVCore dialer will continue dialing phone numbers until it reaches the end of a list or until a real estate agent actively stops the dialer.

36.     Unfortunately, Florida Homes Realty & Mortgage agents are placing unsolicited calls to Florida residents using an autodialer, in violation of the Florida Telephone Solicitation Act ("FTSA").

37.     In response to these calls, Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer bring forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA and the FTSA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF MICHAEL LANDEWEER'S ALLEGATIONS

38.     Plaintiff Michael Landeweer is the exclusive owner/operator of his cell phone number ending in 4838.

---

[14] https://i.insiderealestate.com/kvcore-crm-bing/
[15] https://www.youtube.com/watch?v=NDbbF09Z2DQ

39.     Plaintiff Michael Landeweer registered his cell phone number on the DNC on July 4, 2003.

40.     Plaintiff Michael Landeweer uses his cell phone number for personal use only, as one would use a landline.

41.     Plaintiff Michael Landeweer uses his cell phone number to communicate with friends and family, and to schedule personal appointments.

42.     Plaintiff Michael Landeweer's cell phone number has never been associated with a business.

43.     Plaintiff Michael Landeweer had his property listed for sale through the real estate agency Staged to Sell Realty.

44.     Plaintiff Michael Landeweer had a real estate agent in part to avoid getting calls from real estate agents, so that instead, his real estate agent could field those calls.

45.     On the evening of June 20, 2024, Plaintiff Michael Landeweer's property listing on the MLS expired.

46.     As is all too common, this triggered a series of unwanted calls directly to the Plaintiff from other real estate agents with whom he has no relationship, in the hopes that they could have him relist his property through them.

47.     On June 21, 2024 at 8:45 AM, Plaintiff Michael Landeweer received an unsolicited  call to his cell phone from 904-580-7378.

48.     When Plaintiff Michael Landeweer answered this call, a real estate agent explained that she saw that Michael's property listing had expired and she wanted to offer her real estate services.

49.     The real estate agent did not state her name or company name.

50.     Plaintiff Michael Landeweer told the real estate agent that his phone number is on the Do Not Call Registry and the call was ended.

51.     Phone number 904-704-7378 is owned/operated by Maureen Dunn, a Florida Homes Realty & Mortgage real estate agent:

MAUREEN DUNN
Sales Associate
904-704-7378                              16



PLEASE JOIN ME IN WELCOMING
MAUREEN DUNN
TO THE FLORIDA HOMES REALTY & MORTGAGE FAMILY

IF YOU WANT TO LEARN HOW TO KEEP 100% OF YOUR COMMISSION BUT STILL HAVE A FULL-SERVICE BROKERAGE LIKE MAUREEN
THEN GIVE ME A CALL AND I WILL SHOW YOU HOW!
James Angelo
OWNER / BROKER
904-412-7889                              17

---

[16] https://www.realmlshomesforsale.com/Office/FLORIDAHOMESREALTYandMTGLLC-531971
[17] https://www.facebook.com/profile/100063529675816/search/?q=dunn

52.     Plaintiff Michael Landeweer believes that this call was placed using an autodialer because Florida Homes Realty & Mortgage real estate agents place calls using the KVCore dialer.

53.     The call that Plaintiff Michael Landeweer received was from Dunn's cell phone number. The KVCore dialer functions using the real estate agent's cell phone number as the outbound caller ID.[18]

54.     Plaintiff Michael Landeweer never provided consent to Florida Homes Realty & Mortgage to receive any calls, including autodialed calls to his residential number, which is a violation of the FTSA.

## PLAINTIFF RYAN LANDEWEER'S ALLEGATIONS

55.     Plaintiff Ryan Landeweer is the exclusive owner/operator of his cell phone number ending in 9315.

56.     Plaintiff Ryan Landeweer registered his cell phone number on the DNC on April 24, 2020.

57.     Plaintiff Ryan Landeweer has owned his cell phone number for over 8 years.

58.     Plaintiff Ryan Landeweer uses his cell phone number for personal use only, as one would use a landline.

---

[18] https://www.youtube.com/watch?v=NDbbF09Z2DQ

59.    Plaintiff Ryan Landeweer uses his cell phone number to communicate with friends and family, and to schedule personal appointments.

60.    Plaintiff Ryan Landeweer's cell phone number has never been associated with a business.

61.    Plaintiff Ryan Landeweer is a full-time student at Florida State University.

62.    Plaintiff Michael Landeweer is the father of Ryan Landeweer.

63.    Plaintiff Ryan Landeweer does not own a property. He does not share ownership in Michael's property and was not associated with the expired property listing.

64.    On June 21, 2024 at 8:18 AM, Plaintiff Ryan Landeweer received an unsolicited call to his cell phone from 904-663-0835.

65.    When this call was answered, a real estate agent said that they were calling from Florida Homes Realty & Mortgage regarding an expired property listing.

66.    The real estate agent wanted to offer their services in selling the property.

67.    Plaintiff Ryan Landeweer told the real estate agent that he does not own the property and that he was calling the wrong number. The call was then ended.

68.     904-663-0835 is owned/operated by Peter Nasif, a Florida Homes Realty & Mortgage real estate agent:



69.     On June 21, 2024 at 8:21 AM, Plaintiff Ryan Landeweer received an unsolicited text message from phone number 904-270-9772:

---

[19] https://www.facebook.com/profile/100063529675816/search/?q=nasif

17



70.     As per the above, 904-270-9772 is owned/operated by Peter Nasif.

71.     Plaintiff believes that the call and text message were sent using the KVCore autodialer because the text message is generic and appears as if it was automatically sent shortly after the call was ended.

72.     Despite letting Nasif know that he was calling the wrong number, Plaintiff Ryan Landeweer received a 2nd unsolicited call to his cell phone on June 24, 2024 at 12:36 PM from 904-663-0835.

73.     As with the previous call, when this call was answered, Nasif said that he was calling from Florida Homes Realty & Mortgage regarding an expired property listing.

74.     Again, Ryan Landeweer let Peter Nasif know that he was calling the wrong number and the call was ended.

75.     Plaintiff Ryan Landeweer believes this call from Peter Nasif was placed using an autodialer because Florida Homes Realty & Mortgage real estate agents place calls using the KVCore dialer, in addition to the reasons provided above for the previous call and text message that Ryan Landeweer received from Nasif.

76.     The unauthorized solicitation telephone calls that the Plaintiffs received from or on behalf of the Defendant have harmed Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer in the form of annoyance, nuisance, and invasion of privacy, occupied their phones and phone lines, and disturbed the use and enjoyment of their phones.

77.     Seeking redress for these injuries, Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer, on behalf of themselves and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

78.     Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer bring this action pursuant to Rule 23(b)(2) and (b)(3), and seek certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Florida Homes Realty & Mortgage called and/or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and texted Plaintiff Ryan Landeweer.

**Florida DNC Class:** All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received unwanted telephonic sales calls from or on behalf of the Defendant (3) on or after July 1, 2021.

**Florida Autodial Class:** All persons in Florida, who, on or after July 1, 2021, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call the Plaintiffs.

79.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer anticipate the need to amend the Class definitions following appropriate discovery.

80.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and the Plaintiffs are members of the Classes.

81.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    whether Defendant placed calls to the Plaintiffs and members of the DNC class without first obtaining consent to make the calls;

(b)    whether Defendant placed calls to the Plaintiffs and members of the Autodial class without first obtaining consent to make the calls;

(c)    whether the dialer Defendant used to make calls is an autodialer;

(d)    whether the calls constitute a violation of the TCPA and FTSA;

(e)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

82.    **Adequate Representation**: Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer have no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to either Plaintiff. Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer and their counsel are committed to vigorously prosecuting this action on behalf of the

members of the Classes, and have the financial resources to do so. Neither Plaintiff Michael Landeweer nor Plaintiff Ryan Landeweer nor thier counsel have any interests adverse to the Classes.

83.   **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Ryan Landeweer and the Do Not Call Registry Class)**

84.     Plaintiff Ryan Landeweer repeats and realleges paragraphs 1-37 and 55-83 of this Complaint and incorporates them by reference herein.

85.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

86.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

87.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Ryan Landeweer and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

88.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Ryan

Landeweer and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

89.     As a result of Defendant's conduct as alleged herein, Plaintiff Ryan Landeweer and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

90.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Ryan Landeweer and the Florida DNC Class)**

91.     Plaintiff Ryan Landeweer repeats and realleges paragraphs 1-37 and 55-83 of this Complaint and incorporates them by reference herein.

92.     Plaintiff Ryan Landeweer bring this claim individually and on behalf of the DNC Class Members against the Defendant.

93.     It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." Fla. Stat. § 501.059(4).

94.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

95.     In violation of the FTSA, Defendant made and/or caused to be made unsolicited telephone sales calls to Plaintiff Ryan Landeweer and other members of the DNC Class despite their telephone number appearing on the quarterly listing published by the department.

96.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Ryan Landeweer and Class members were harmed and are each entitled to a minimum of $500.00 in damage for each violation. Plaintiff Ryan Landeweer and the Class members are also entitled to an injunction against future calls. *Id*

**THIRD CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Michael Landeweer, Plaintiff Ryan Landeweer and the Autodial Class)**

97.     Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer repeat and reallege paragraphs 1-83 of this Complaint and incorporate them by reference herein.

98.    Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer bring this claim individually and on behalf of the Autodial Class Members against the Defendant.

99.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

100.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

101.    Defendant failed to secure prior express written consent from Plaintiff Michael Landeweer, Plaintiff Ryan Landeweer and members of the Autodial Class.

102.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to the Plaintiffs and the Autodial Class members without Plaintiffs' and the Class members' prior express written consent.

103.   Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff Michael Landeweer, Plaintiff Ryan Landeweer and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

104.   As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Michael Landeweer, Plaintiff Ryan Landeweer and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Michael Landeweer, Plaintiff Ryan Landeweer and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer, individually and on behalf of the Classes, pray for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing the Plaintiffs as the representatives of the Classes; and appointing their attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA and TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Michael Landeweer and Plaintiff Ryan Landeweer request a jury trial.

**MICHAEL LANDEWEER**, individually, **RYAN LANDEWEER**, individually, and on behalf of all others similarly situated,

DATED this 4th day of August, 2024.

By: */s/ Stefan Coleman*

Stefan Coleman
**Coleman PLLC**
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiffs and the putative Classes*

*\*Lead Counsel*